## RODMAN *v.* HENRY.

Where, on the examination of a judgment debtor, under proceedings supplemental to execution, it appears that he is in possession, avowedly as the agent of a third person, of property claimed by such person under a paper title apparently good, it is improper to order a delivery of the property to the receiver.

The proper remedy is for the receiver to bring an action against the claimant to test the question of ownership.

APPEAL from the Supreme Court. One Genet having recovered judgment against the defendant, he was examined

Rodman v. Henry.

upon proceedings supplementary to execution before the county judge of Queens county, and Rodman the appellant was appointed receiver of his property. Upon his examination the defendant stated that he was in the possession of certain personal property belonging to a Mrs. Prince; that the property having formerly belonged to him, he had mortgaged it to Mrs. Prince, who had taken possession of it under the chattel mortgage, and had kept possession thereof, at No. 113 Chambers-street, New-York, until a few days previous to the examination, when a portion of the property was conveyed to the third floor of No. 282 Washington-street, New-York, where the defendant had an office. He stated that he had no control of the goods. The judge made an order requiring him to deliver the goods to the receiver. Upon being served with the order, and a demand of the goods being made in the receiver's behalf, the defendant refused to deliver them, and declared that he held them as agent for Mrs. Prince. The county judge made an order requiring the defendant to show cause why an attachment should not issue against him. On showing cause, the defendant made an affidavit denying any right, title or interest in the goods, and averring that he was in possession only as the agent of Mrs. Prince. He also produced the affidavits of other persons, proving that in November, 1854, Mrs. Prince took possession of the goods of the defendant, at No. 113 Chambers-street, under her mortgage, and that one Culver, as her agent, remained in possession, selling the goods and paying the proceeds to her, till the middle of March, 1855, when the residue remaining unsold were stored in the basement of that store. They remained so stored until May, 1855, when they were moved to No. 282 Washington-street, Mrs. Prince giving the defendant a power of attorney to sell them in her behalf. These affidavits also averred Mrs. Prince to be the absolute owner of the goods. The county judge made an order allowing the attachment, which, on appeal, was reversed by the Supreme Court, at general term in the

second district, and the receiver appealed to this court. The cause was submitted on printed arguments.

*George C. Genet*, for the appellant.

*John N. Whiting*, for the respondent.

Johnson, Ch. J. Without considering whether the order appealed from is subject to review in this court, or whether the receiver is a proper appellant, I am of opinion that the decision of the Supreme Court at the general term was correct. Upon proceedings supplementary to execution, under the Code, the judge has power to order any property of the judgment debtor, in the hands of himself or any other person, to be applied towards the satisfaction of the judgment. (§ 297.) But if it appear that a person alleged to have property of the judgment debtor claims an interest in the property adverse to him, such interest is only recoverable in an action against such person by the receiver. (§ 299.). It is not enough, therefore, that property is found in the hands of the judgment debtor; it must also appear to be his property. The sections cited, as well as section 294, which directly bears upon the construction of section 299, preclude the idea that a third person, who claims the property as his own, is to be placed, in virtue of these proceedings, in a position where his rights can only be asserted in a suit in which he is plaintiff. The obvious purpose of the series of provisions is to give the creditor an immediate and summary remedy against the debtor's property, but not to permit the rights of third persons to be brought into litigation, except in a regular way by suit. Upon the evidence presented in this case, the judgment debtor had no property in the goods in question. Several witnesses swore that they belonged to Mrs. Prince, and that the judgment debtor was in possession of them merely as her agent. There was no conflict of evidence on the subject, nor was the *bona fides* of her origi-

Rodman *v.* Henry.

nal mortgage, or of her possession under it, attacked by any proof. If it be suggested that she did not appear, personally claiming to own the property, the answer is that the judgment creditor might have compelled her appearance before the judge, and interrogated her as to her claim. If it had then turned out that she made no claim, he would have been able to have the property applied to pay his judgment; but in the absence of any such proceeding on his part, the judge ought not to have disregarded the mass of proof that the property was really hers. These observations show that no difficulty exists in the way of the receiver in bringing his rights to a legal determination. If Mrs. Prince, on appearing, made no claim, then an order for the delivery of the property by the defendant to him would have been a matter of course. If she did claim the property, of course she could have been made defendant in a suit brought by the receiver to assert and try his right. The cases of *Goodyear* v. *Betts* (7 *How.*, 187), *The People* v. *King* (9 *id.*, 97–100), and *Gasper* v. *Bennett* (12 *id.*, 307), sustain the same general view of the character of these supplementary proceedings which has been stated.

Whether the general term, in reversing the order of the county judge, proceeded upon the preceding grounds, or upon the ground that the county judge did not appear to have had jurisdiction, inasmuch as Henry was not shown to have resided in Queens county when the execution was issued, does not appear; but we are of opinion that the order of reversal was correct, and that it should be affirmed with costs.

Comstock, J. was absent; all the other judges concurring,

Judgment affirmed.