## ISAAC GREEN PEARSON *v.* DANFORTH W. FISKE.

As a general rule, an appellate court will never interfere, upon a question of fact, with the finding of the tribunal before whom the witnesses were examined, and whose appropriate and special duty it is to pass upon questions of fact that must be determined upon conflicting testimony.

The only exceptions to this rule, are:

I. That they will reverse for the want of evidence.

II. Or when the verdict or finding is against evidence, in respect to which there is no contradiction nor conflict.

III. And, in extreme cases, although there may be some conflict or contradiction in the testimony, when, after full and careful deliberation, they are convinced that the verdict, finding, or report, must have been induced by partiality, prejudice, or corruption, or was the result of an obvious mistake.

Cases in which the court will interfere, upon the latter ground, are very rare.

An objection to a question that it is leading, is not available upon appeal, unless that was specifically stated as the ground of objection upon the trial.

It is a matter resting entirely in the discretion of the referee, whether he will allow a party to be recalled as a witness at the close of the case.

APPEAL by defendant from a judgment entered upon the report of a referee. The action was brought to recover for services rendered by the plaintiff, as steward and bookkeeper of the Clinton Place Hotel. The referee found for the plaintiff $200, and the defendant appealed mainly on the ground that the report was against the weight of evidence.

*Emerson & Prichard,* for the appellant.

*F. H. Upton,* for the respondent.

By the Court, DALY, First Judge.—After a careful perusal of the testimony, we are of opinion that we cannot interfere with the finding of the referee upon the question of fact. Upon the three questions in issue—*first,* Whether the plaintiff entered into a special agreement to serve as steward and bookkeeper at the same rate of compensation that he had received from Tallmadge?

*second*, Whether he fully and faithfully performed what he engaged to do, or what the law would imply that he had engaged to do from the capacity in which he served, and the nature of the duties undertaken by him? and, *third*, As to the general value of his services?—the testimony was conflicting; and where, in respect to any of the matters in issue, the testimony is conflicting, the general rule is that an appellate court will never interfere with the finding of the tribunal before whom the witnesses were examined, whose appropriate and special duty it is to pass upon questions that must be determined upon conflicting testimony. An appellate court will not assume the office of a jury, or of a referee, and weigh the testimony with the view of ascertaining on which side the weight of probability lies. They will reverse for the want of evidence; or, where the finding is against evidence, in respect to which there is no contradiction nor conflict, and in extreme cases, though there may be some conflict or contradiction in the testimony, they will set aside the verdict, finding, or report, if, after full and careful deliberation, they are convinced that it must have been induced by partiality, prejudice, or corruption, or was the result of an obvious and palpable mistake. Wherever there has been presumptively a fair and honest exercise of the judgment of the tribunal to which the law has committed the delicate and responsible duty of determining questions of fact upon conflicting evidence,—and that presumption exists in every case, unless the contrary distinctly appear,—a court of review will never interfere with the determination arrived at, however strongly inclined to think, if they had to pass upon the questions upon the same evidence, that they would have arrived at a very different conclusion. The cases, therefore, are extremely rare in which a court of review would exercise the delicate discretion of assuming that the finding must have been produced by prejudice, partiality, corruption, or palpable mistake. In the multiplied and various business of this court, there is scarcely a term that goes by, that parties, disappointed by the finding of juries or referees upon questions of fact, do not urge upon us that their case is one that calls for the exercise of this

discretion on the part of the court; and yet, through a long series of years, the instances have been very few, in which it has set aside a verdict, or a report of a referee, upon that ground.

The several questions objected to, were pertinent and material to the question at issue. The form of one or two of them was objectionable as leading, but the objection was not put upon that specific ground, and where it is not, it is unavailable upon review.