## In the Matter of H——, an Attorney.

The general authority and control of the Supreme Court over attorneys was not taken away by the Code, and the provisions of the Code of Civil Procedure in relation to the punishment of an attorney "for a misbehavior in his office or trust, or for a willful neglect or violation of duty therein" (§§ 14, 2281, 2283), only regulates that authority and dictates the manner of its exercise in the class of cases specifically mentioned, i. e., when the "right or remedy of a party to a civil action or special proceeding pending in the court" may be injuriously affected.

In proceedings to compel H., an attorney, to return a policy of insurance, which the affidavit of the complainant alleged had been delivered to him for the purpose "of enabling him to perfect or confirm the rights of deponent" therein, the affidavit did not allege that the policy was delivered to H. as attorney, or in or by reason of his professional character. In the opposing affidavit of the attorney he denied, positively, that he received the policy in his professional character or for a professional purpose. He also averred, that the complainant was indebted to him in a sum specified, for professional services, as security for which he had a lien upon the policy. Held, that the court erred in directing, upon the papers, and without further investigation, the surrender of the policy ; that while it might have been the privilege and perhaps the duty of the court to institute further inquiry, it was not authorized to assume from the papers that the case was one of professional misconduct ; also, that

upon the facts before the court the attorney had a lien upon the policy and could not legally be compelled to surrender it until his just charges were paid; also, that the decision could not be sustained by saying that the court distrusted the attorney's affidavit.

It was claimed that the attorney had lost his lien because of an averment in his affidavit that the policy was not, at the time of the commencement of the proceedings or of the making of the affidavit, in his possession. *Held* untenable, as the order appealed from directed him to deliver it up, and before he could obey, it must come into his possession, when his lien would attach.

(Argued January 17, 1882; decided January 24, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made April 1, 1880, which affirmed an order of Special Term, directing H., an attorney, to restore to the complainant herein a policy of insurance.

The proceedings were instituted upon an order to show cause based upon an affidavit, which averred, that H. was an attorney of the Supreme Court; that deponent delivered to him the policy in question, with a power of attorney, "for the special purpose of enabling him to perfect or confirm the rights of deponent in and under said policy," and upon the understanding and agreement that H., as soon as these purposes were accomplished, should return the policy. The affidavit then alleged, upon information and belief, that H. had, without deponent's knowledge or consent, pledged the policy for a loan, and used the money so procured, and had refused to deliver up the policy on demand. H., in his opposing affidavit, denied that he received the policy for the purpose stated; or that any such agreement or undertaking was made. He averred that the policy was not, at the time of the commencement of the proceedings, or at the making of the affidavit, in his possession; that he received it under a power of attorney, coupled with an interest, which power of attorney fully authorized all that had been done by H. in reference to the policy, and which remained in full force and unrevoked; that the power of attorney was not received by deponent as an attorney or counselor of the court. The affidavit further alleged that deponent, prior to the commencement of the proceedings, had acted as the attorney and

counselor for the complainant " in divers matters and actions," and that the latter was indebted to him for such services and disbursements in the sum of $980, none of which had been paid, and that he had a lien upon the policy until the payment of such indebtedness. Upon these affidavits, and without further investigation, the order of Special Term was granted.

*Abram Kling* for appellant. An attorney is entitled, when charged with misconduct, to a trial of the issues upon common-law proof. (4 Wait's Pr. 246, 247; *In re Eldridge*, 82 N. Y. 162; *In re Percy*, 36 id. 651.) The court ·had no power, upon a summary application, to punish the attorney for a contempt as such, as no action or proceeding was pending in which the petitioner's rights were defeated or impaired. (Code of Procedure, § 14; Code of Civil Procedure, §§ 2266, 2269, 2281, 2283 ; *Fischer* v. *Raab*, 81 N. Y. 235; *People* v. *Compton*, 1 Duer, 512; *Simond* v. *Simond*, 6 Weekly Dig. 208; 8 id. 263; *In re Phelps*, 3 Jur. 479; *In re Lowe*, 8 East, 236; *In re Lord*, 2 Scott, 131; *In re Anonymous*, 19 L. J. 219; *Cocks* v. *Hannon*, 6 East, 404; *In re Wallace*, L. R., 1 P. C. 283 ; *In re Bateman*, 2 Dowl. Pr. 161; *Ex parte Steinman*, 10 Rep. 571; *In re Cutts*, 16 L. T. [N. S.] 715; *Walker* v. *Artel*, 1 Dowl. P. C. 61 ; *In re Husson*, Daily Register, January 7, 1882.) The court had no authority to direct that the appellant forthwith restore the policy of insurance to the respondent. (Code of Civil Procedure, § 2284.)

*Paul Fuller* for respondent. If the relation of attorney and client existed, the act complained of was an abuse of an advantage arising solely from the attorney's official position as an officer of this court, and the court should interfere. ʹ(*Bowling Green Svgs. Bk.* v. *Todd*, 52 N. Y. 493.) It was not essential that the attorney should have received money in any suit or legal proceeding, or should have been employed to commence legal proceedings, it was enough if he was intrusted with money in consequence of his being an attorney. (*Grant's Case*, 8 Abb. 357; *In re Knight*, 1 Bing. 91; *Dewolf* v. ——, 2 Chit. 63.)

FINCH, J. We cannot sustain this order; it is founded rather upon suspicion than proof. It may be just to characterize the attorney's affidavit as evasive and disingenuous, which appears to have been the impression made by it upon the General Term, but, nevertheless, it raised a distinct issue not to be disregarded, and interposed a barrier to a decision without further inquiry. The proceeding instituted was not one to disbar the attorney for unprofessional conduct, and the rules governing such a case are not necessarily applicable here. Neither was it a proceeding under the Code (§§ 14, 2281, 2283, etc.), for here was no action or special proceeding pending in the court, in which the rights of a party were prejudiced or defeated by the misconduct alleged. It does not follow, however, as the appellant contends, that the remedy pursued in this case was without legal authority. It rests upon the relation of the attorney to the court as its officer, and the general control always exercised, founded upon that relation. The Code has not taken it away, and purports in the sections cited only to regulate it, and dictate the manner of its exercise in the class of cases specifically mentioned. The general authority remains, but it is a power which has reasonable limitations, and has usually been, and should always be, exercised with great prudence and caution, and a sedulous regard for the rights of the client on the one hand, and of the attorney on the other.

In this case, the complainant's affidavit, while alleging that the appellant is in fact an attorney of the court, does not allege that the policy of insurance was delivered to him as an attorney, or in his professional character, or by reason of that character, or for the purpose of having him perform in regard to it some professional duty. It is, perhaps, possible to infer some such fact, although nothing appears to indicate that the duty to be done, which was to confirm the complainant's right to the policy, might not have been done just as well and quite as appropriately by a mere agent who was not an attorney. But if we indulge in such inference, it is entirely met and answered by the affidavit of the attorney, in which he swears positively that he did not receive the policy in his professional character or for

a professional purpose.    So that while the complainant fails to allege the necessary fact, and the attorney explicitly denies its existence under oath, it is very difficult to see how the court could properly act upon the theory of a professional duty violated.    We can readily admit that it might be the privilege, and perhaps the duty of the court, with its suspicions aroused, to institute further inquiry, and ascertain whether in truth the case was one of professional misconduct, instead of mere agency; but stopping where it did, and upon the papers presented, it ought not to have assumed a foundation fact, not even asserted on one side, and explicitly denied on the other.

The attorney, admitting his receipt of the policy, further alleged that the complainant was indebted to him in the sum of $980, for professional services previously rendered, as security for which he had a lien upon the policy for that amount.    If his statement is true he had such lien.    The subject has been recently discussed in this court, and the doctrine maintained that the attorney's lien extends to a general balance of account for professional services, and that such services are not confined merely to a litigation which terminates in a technical judgment.    (*In the Matter of Knapp*, 85 N. Y. 284; *Ward* v. *Craig*, MSS., Jan. 1882.*)    Upon the facts before the court the attorney had a lien upon the policy, and could not legally be required to deliver it up until his just and reasonable charges were paid.    He asserted a distinct and recognized right which the court was not at liberty to disregard.    Of course, it was not necessary to take the attorney's word as conclusive, or his estimate as just.    At this point again, inquiry by the court itself, or through the aid of a referee, would have been entirely proper.    Such investigation would have disclosed the character of the services, their value, and the extent of the lien, and justice then could have been done to both parties, without danger of infringing the rights of either.    There is as much justice in requiring Rheims to do his duty to the attorney, as in compelling the latter to respect the rights of the former.    It is not merely attorneys at law who must be made to fulfill obligations

---

* *Post*, p. 550.

fairly incurred. · While no prudent and proper control should be relaxed, admitted rights must not be overlooked. How careful the courts have been in such cases is apparent from many of the earlier authorities. (*In re Millard*, 1 Dowl. Pr. 140; *Hodson* v. *Terrall*, 2 id. 264; *In re Murray*, 1 Russ. 519; *In re Aitkin*, 4 Barn. & Ald. 47.) In these cases where the attorney claimed a lien, the court either declined to interfere, saying it was matter for a jury, or at least sent the attorney's bill to a master to be taxed, but never disregarded the right of the attorney or denied him the benefit of his lien where it had justly attached. In the case before us such care was not exercised. The order disregarded the facts alleged, and practically destroyed the attorney's lien. The decision cannot be justified by saying that the court distrusted the affidavit. That would have warranted inquiry, but not disbelief without inquiry. It is intimated, however, that the attorney lost his lien because he says in his affidavit that the policy was not, at the commencement of the proceedings, or at the date of the affidavit, in his possession. But the order goes on no such ground; it assumes the policy to be in the attorney's possession or under his control, for it directs him to deliver it up. It must come. into his possession before he can obey, and when there his lien remains. It is further said that the attorney had pledged or hypothecated the policy and converted the proceeds to his own use. But this is alleged only upon information and belief, and any conversion is denied by the attorney in explicit terms. It is true he does not give explanations, and his answer is claimed to be guarded and unsatisfactory. It was probably drawn to serve in a general way as a pleading and to bring up the issues expected in some manner to be tried, and therefore explanations were reserved for the anticipated hearing. Be that as it may, it does deny the complainant's case in all material respects, and furnishes a complete answer to every relief except a further investigation. Doubtless the policy is within the attorney's control, and upon a proper investigation, disclosing all the facts, it may become the duty of the court to direct

its surrender; but upon the affidavits presented, the order cannot be sustained, and rests upon no sufficient foundation.

It should be reversed, with costs.

All concur.

Order reversed.