BOGART *v.* ELECTRICAL SUPPLY CO.

(*Circuit Court, S. D. New York.* 1886.)

ATTORNEY AND COUNSELOR— SUBSTITUTION—REFERENCE—COSTS—ATTACHMENT.
  In an application by a party for leave to substitute a new attorney, which has resulted in a reference to a master, and a decision that the attorney was not entitled to further compensation than he had already received, the court has power to enforce obedience to the order requiring the attorney to pay the costs of the reference by attachment.

Application for Leave to Substitute New Attorney.

*Walter D. Edmonds*, for plaintiff.

*A. H. H. Dawson*, for defendant.

WALLACE, J. Upon further consideration, the doubt suggested upon the argument of this motion, as to the power of the court to enforce obedience to the order requiring the attorney to pay the costs of the reference to the master by attachment, has been wholly removed. The attorney was required by the order to pay the costs to which his client had been unjustly subjected upon his application for leave to substitute a new attorney, which resulted in a reference to a master, and a decision that the attorney was not entitled to further compen-

sation than he had already received. He has not paid the costs. Treating the present application as though it were made by the client, the plaintiff in the suit, instead of the master, in whose behalf it is really made, it is one for the exercise of the summary jurisdiction possessed by courts over attorneys as their officers by attachment, when the professional conduct of the attorney in a cause pending before the court is involved. The statute (section 725, Rev. St.) has not restricted the power of the court to punish for contempt any officer of the court in his official transactions, or his disobedience of any lawful order. It was entirely proper to order the attorney to pay the costs which he had unnecessarily imposed upon his client, and a decent regard for the dignity of the court requires that obedience to the order be compelled. If the respondent had alleged his inability to comply with the terms of the order, such an excuse would be considered; but, in the absence of such an excuse, the case is one where the remedy by attachment should be allowed. The statutes prohibiting imprisonment for debt have no application to such a case. The courts have always allowed the summary remedy of an attachment to compel an attorney to observe the duties incident to his professional relations towards his clients, and towards the other officers of the court, and in this state it is even held that it is not essential to the exercise of this summary remedy that the transaction should arise out of a suit in the court, or in reference to any legal proceedings. *In re Dakin*, 4 Hill, 42. *Bowling Green Sav. Bank* v. *Todd*, 52 N. Y. 489; *In re H.*, 87 N. Y. 521. The affidavits on the part of the respondent indicate that he has not been guilty of any intentional disobedience of the order, but rather that he has acted upon a misconception of his rights and duties. An attachment will be issued, unless within 15 days he pays the sum heretofore ordered to be paid, as taxed by the court.