WILLIAM PALEN, as Receiver of HENRY BANGE, Appellant, *v.* ADELAIDE E. BUSHNELL and Others, as Executors, etc., of EZRA L. BUSHNELL, Deceased, Respondents, Impleaded with HENRY BANGE.

*Supplementary proceedings — appeals from orders — Code of Civil Procedure,* § 2433, *subd.* 1.

An appeal does not lie directly from an original order made by a judge out of court in proceedings supplementary to execution (as, *e. g.,* an order appointing a receiver); but if a review of such an order is desired, a motion on notice should, by force of section 2433, subdivision 1, of the Code of Civil Procedure, be made, either to the judge who made the order or to the court, to vacate the order, and from the order granted on such motion an appeal will lie.

APPEAL by the plaintiff, William Palen, as receiver of Henry Bange, from an order of a justice of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 28th day of February, 1893, appointing Adolph Bierck, Jr., receiver of the property, etc., of said William Palen as receiver of Henry Bange, the judgment debtor.

*W. C. Holbrook*, for the appellant.

*H. M. Whitehead*, for the respondents.

Per Curiam :

The order appealed from was an order made by a judge out of court, and not by the court, under the title of the Code relating to proceedings supplementary to execution. By section 2433 it is provided that an order made in the course of a proceeding can be reviewed only as follows : *First.* An order made by a judge out of court may be vacated or modified by the judge who made it, as if it was made in an action, or it or the order of the judge vacating or modifying it may be vacated or modified upon motion by the court out of which the execution was issued.

If the appellant wished to review the order of Justice Beach he should have made a motion on notice, either to Justice Beach or to the court, to vacate that order, and from the order granted on that motion an appeal would lie. But we think no appeal could be taken until such motion was made.

The appeal must, therefore, be dismissed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., O'Brien and Ingraham, JJ.

Appeal dismissed, with ten dollars costs and disbursements.