WILLIAMS, J.
It seems to be conceded by counsel for respondent that, if there was a substantial dispute as to the ownership of the $200, the order appealed from was improperly granted' under section 2447, Oode Civil Proc., and this is true. Wherever such dispute exists in good faith the court cannot settle such dispute in supplemental proceédings, but should leave the parties to their action. Rodman v. Henry, 17 N. Y. 482; Banks v. Pugsley, 47 id. 368; Barnard v. Kobbe, 54 id. 516; Waldron v. Walker, 43 St. Rep. 605. The fact of ownership should be *721 -clearly and conclusively established, in order to warrant the making of the order to pay over the money, under this section of the Code. The appellant claimed a right to retain these moneys for services by him for the judgment debtor in proceedings other than the suit in which the money was recovered. The rendering of such other services and the value thereof was proven, and apparently were uncontradicted. But, if there was any conflict of evidence in reference thereto, the judge had no power to determine the question of fact in these proceedings. The appellant claimed that he had a general lien upon the money for these services. That such lien exists, and enables the attorney to hold the money ■as against the judgment debtor himself, seems to have been frequently held in this state. In re Attorney, 87 N. Y. 521; Ward v. Craig, id. 550; In re Knapp, 85 id. 284; Bank v. Todd, 52 id. 489.
Our attention is called to the case of Williams v. Ingersoll, 89 N. Y. 508 which, it is claimed, held that such lien was confined to the judgment in the same action in which the services were rendered for which the lien was claimed. Let us see what these various cases do really decide. In Bank v. Todd, supra, the action was to foreclose a mortgage. After the decree in foreclosure was made, a receiver of the plaintiff was appointed. He continued the same attorneys, who caused the mortgaged property to be sold, and received the proceeds of such sale. Besides their costs and fees in that action, the attorneys retained a-sum from such proceeds to apply upon the indebtedness of their ■client to them for other professional services. The court held that the attorneys had a lien upon the papers in the foreclosure suit, not only for costs and charges of that suit, but for any general balance due them for any other professional service, that this rule is not peculiar to attorneys, but applied to an ordinary factor who had a lien upon goods consigned to and received by him for unpaid balances theretofore accrued. In re Knapp, supra, the petitioner applied to the court to compel her attorney to pay over to her $4,411.50, alleged to have been unlawfully retained by him out of moneys collected for her. The deceased, in his lifetime, instituted proceedings to recover moneys due him from the city of Hew York for the erection of an armory, and employed the attorney in such proceedings. At his death the proceedings were pending, and thereafter the petitioner was appointed as executrix, and continued the same attorney in the proceedings. Under a power from her, the attorney received from the city in the proceedings $6,781.85. The estate was insolvent. The attorney claimed his right to retain from the moneys so received by him $4,411.50, not alone for his services in the particular proceedings in which the money was recovered, but in part of his services in other matters in which he bad been retained by the deceased and the executrix. All of such services were rendered in the general effort to enforce the same claim. It was held that the attorney had a lien on the moneys received for all his services rendered in connection with the claim sought to be recovered, *722 which lien was not confined to his services in the particular proceedings in which the money was recovered. In re Attorney,, supra, the proceeding was instituted to compel the attorney to surrender up to his client a policy of insurance delivered to tho attorney for the purpose of enabling him to perfect or confirm the* rights of his client therein. His client was indebted to him for other professional services, and the courts held that the attorney’s-lien extended to a general balance of account for professional services, and was not confined to such services as were rendered in. the litigation which terminated in the particular judgment; citing Ward v. Craig, and In re Knapp, supra. In Ward v. Craig, supra, attorneys were employed to obtain a remission of a forfeiture of certain property by the United States government. Their client made an assignment for the benefit of creditors, and the assignee retained the attorneys in the same proceeding, which was-continued in the name of the assignor, and resulted successfully. The action was brought by the assignee to recover from the attorneys the money received by them from the United States government. It appeared that while this proceeding was pending, and-, before the assignment was made, there was a criminal action. ■against the assignor, at the suit of the United States government,, and a civil action for customs due; and, after the assignment, there-were two other actions against him bn warehouse bonds; and in-these actions these same attorneys were employed. There were-also three other civil suits for custom duties, which were included in the remission proceedings, and the attorneys’ services in all these cases and proceedings were worth the amount the attorneys-had received in the remission proceedings. It was held that the-attorneys had a lien upon the money so received for their services-in all these matters. The attorneys did not set up a technical counterclaim, but they alleged the performance of the services,, their value, and the right of the attorneys to retain therefor the-moneys received from the government,, and this was held sufficient. The cases of Bank v. Todd, and In re Knapp, supra, were cited in-that case. In Williams v. Ingersoll, supra, the plaintiffs were employed as attorneys and counsel in various suits and legal proceedings. One case was for malicious prosecution brought by their client. There was an oral agreement between them and their • client that they were to be paid for their servicés out of any moneys their clients might obtain or become entitled to from any of the suits or proceedings, and that they should have a lien for all such services upon such moneys, which should be superior to-any right their client might have. All these actions were finally, by agreement, submitted to an arbitrator, who awarded to their-client $10,000 for malicious prosecution. The services of the attorneys in all these matters were worth $10,000. It was held that the agreement operated as an equitable assignment, which attached to the award as soon as made, and was good against the client and any attaching creditor. It was said in the opinion that the attorneys could claim no general lien upon the award as attorneys, and could not base their claim to an equitable lien upon mere promise--of their client that they should be paid out of any moneys recov *723 ered; and that an agreement, oral or in writing, to pay a debt out of the designated fund, did not give an equitable lien upon the fund, or operate as an equitable assignment thereof. These statements, however, were with reference, to an abstract question, which was not necessarily involved in the decision of the case. The attorneys were permitted to hold the award upon the theory of an equitable lien, as above stated, and all that was said thereafter by the court was clearly obiter, and no reference was made to the cases above analyzed, nor were any of them considered or criticised.
The theory of the order made in this case was that the judgment debtor himself would have been entitled to recover the $200 from his attorney, the appellant, if the order had not been made. Suppose that he had sued the attorney for the money, and the attorney had counterclaimed the indebtedness for his services; would he not thereby have defeated the client’s right to recover ? In this condition of authorities, and in view of the suggestions we have made, it cannot be said that the claim made by the appellant to the $200 was not made in good faith, or that there was no substantial dispute as to the debtor’s ownership of the money at the time the order was made, or that the fact of the debtor’s ownership was clearly and conclusively established. We are not called upon to determine whether, in an action between the parties, the appellant or the judgment debtor would be found to be such owner. The fact of such ownership of the debtor was in doubt, and could not therefore be determined in these supplemental proceedings.
It seems to us that the conrt had no power to make the order appealed from, and that such order should be reversed, with costs of the appeal, and the motion should be denied, with $10 costs.
All concur.