(17 App. Div. 581.)

In re VAN NESS.

(Supreme Court, Appellate Division, First Department. May 21, 1897.)

APPEALABLE ORDERS—SUPPLEMENTARY PROCEEDINGS.

An order of a judge, made in supplementary proceedings, directing the judgment debtor to pay over money, is not reviewable on appeal from an order adjudging him in contempt in failing to make the payment; but it can be reviewed only by a motion before the judge who made it, as provided by Code Civ. Proc. § 2433.

Appeal from special term, New York county.

Application by Edward Van Ness for the examination of A. Edward Woodruff in supplementary proceedings. From an order adjudging said Woodruff in contempt, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

A. E. Woodruff, in pro. per.
Edward C. Perkins, for respondent.

PARKER, J. The order appealed from adjudges Woodruff in contempt for failing to pay over to the sheriff $700, to be applied on an execution issued in favor of the respondent, Edward Van Ness, as directed by an order made by Mr. Justice Beekman in proceedings supplementary to execution. The notice of appeal also contains a notice that the appellant "will bring up for review the order entered herein, made on February 1, 1897, directing the undersigned to pay over the money therein referred to, and from each and every part of said order." The order to which such notice refers is a judge's order in supplementary proceedings, and cannot be reviewed on an appeal to this court. Such an order can only be reviewed in the first instance by the court out of which the execution was issued upon a motion to vacate or modify it. Code Civ. Proc. § 2433. Nor can the court, on the appeal from the order adjudging the appellant guilty of contempt in failing to obey the judge's order directing him to pay over certain moneys, inquire whether the latter order was improvidently or erroneously granted. The supreme court justice who made the order had jurisdiction of the subject-matter and of the parties. The order, therefore, was not void. If it was erroneous, appellant's remedy was by way of a motion to vacate or modify it, but so long as it remained in force it was his duty to obey it, and the duty of the court to enforce obedience to it. People v. Bergen, 53 N. Y. 404; People v. Van Buren, 136 N. Y. 252, 32 N. E. 775; Daly v. Amberg, 126 N. Y. 490, 27 N. E. 1038.

The order should be affirmed, with $10 costs and printing disbursements. All concur.