(21 Misc. Rep. 462.)

## MAAS v. McENTEGART et· al.

(Supreme Court, Appellate Term. October 28, 1897.)

1. SUPPLEMENTARY PROCEEDINGS—JURISDICTION—WAIVER.

In a supplementary proceeding, the question of the ownership of a fund affected by a third-party order was, upon stipulation of the judgment creditor and a claimant of the fund, referred to a referee, whose report was confirmed. On appeal, *held*, that the objection that the court below had no jurisdiction to determine, on motion in that proceeding, the question of title, had been waived.

2. REFERENCE—REOPENING—DISCRETION.

It is discretionary with a referee whether he will open the reference to receive further evidence.

Appeal from city court of New York, general term.

Supplementary proceedings in aid of an execution on a judgment in favor of Frederick W. Maas against James McEntegart and another. From an order confirming the referee's report, James J. Fitz Gerald, a claimant of the fund, appealed to the general term, where the order was affirmed, and he again appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

James J. Fitz Gerald, in pro. per.

William H. Klinker, for respondent.

McADAM, J. Prior to June 11, 1896, one William M. May recovered a judgment against the defendant Christopher Sullivan. On that day Sullivan had on deposit to his credit in the West Side Bank $542.60, and the bank was, by a third-party order in supplementary proceedings in aid of execution issued on the May judgment, restrained from paying out said money, and the officers of the bank were required to submit to an examination under said proceedings on June 15th. On June 16th James J. Fitz Gerald received from Sullivan a paper signed by the latter, which reads:

"Received from James J. Fitz Gerald, check of P. S. Treacy, dated June 5th, 1896, for four hundred and seventy-five dollars, which amount may be deducted from my account which is now at the West Side Bank, held under restraining order of the city court of New York, by said James J. Fitz Gerald, his representatives or assigns, when said restraining order is vacated or set aside."

The May judgment referred to, upon which the restraining order was granted, was reversed on November 6, 1896. Upon the appeal from the judgment Sullivan gave no security, and May, the judgment creditor, obtained an order on June 15, 1896, directing the West Side Bank to pay the money on deposit to his attorneys. On July 21st Sullivan procured an order which modified the one last referred to by directing the bank to pay the money to the·clerk of the city court, to be held by him until the decision of the appeal, and as security for the judgment in case of its affirmance. The plaintiff herein obtained a judgment October 26, 1896, in the city court, against Sullivan and one McEntegart, for $204.35, and instituted supplementary proceedings with the view of reaching the fund on deposit, and the clerk of the city court was, on November 7th, served with an order for his examination in aid of execution. On November 10th (four days·after the reversal of the May judgment) Fitz Gerald obtained an order to show

cause why the third-party order last referred to should not be modified so as to permit the clerk to pay the money to Fitz Gerald as the owner of the fund under the instrument signed by Sullivan June 16th. On the return day of the order—November 16th—it was stipulated in writing by the plaintiff herein and the claimant "that the question of the ownership of the said fund, and the question of the persons being entitled to, or who is entitled to, the whole or any part of the same, shall be referred to William A. Crowe, Esq., counselor at law, to hear the evidence and determine the facts, and report back to this court the evidence and the facts with all convenient speed." An order was entered on the same day pursuant to this stipulation. The referee proceeded with the reference, and reported that Fitz Gerald was the owner of $67.60 of the fund on deposit, and that the judgment debtor was, on October 26, 1896, and since that time, the owner of the balance of the fund. The report was confirmed December 19th, and an order made in accordance therewith. On appeal the order was affirmed by the general term of the city court July 9, 1897, and from the affirmance the present appeal is taken by Fitz Gerald, the claimant of the fund.

The appellant now insists that the city court had no jurisdiction in supplementary proceedings to try or determine the question of title to property alleged to belong to a judgment debtor, when said property is claimed by a third party. The appellant fails to distinguish between a case where there is want of power to act and one where the power to act in a certain proceeding has been expressly conferred, but is erroneously exercised. Irregularities may be committed in a trial without devesting the court of power to act, and to pronounce judgment. Illegality differs from error in this: the one denotes a complete failure of the proceedings, the other something that may be waived. Brown, Jur. pp. 285, 287. If the appellant had urged in the court below that it could not determine a disputed claim of title to property on mere motion, but should have appointed a receiver, who might have the question determined by action (Rodman v. Henry, 17 N. Y. 484; Bank v. Pugsley, 47 N. Y. 368; Teller v. Randall, 26 How. Prac. 155; Krone v. Klotz, 3 App. Div. 587, 38 N. Y. Supp. 225), the court below would no doubt have held with him. But, instead of requiring this circuitous course to be adopted, the appellant preferred, and therefore consented, that the question be determined at once, finally and forever, in the proceeding then pending. The stipulation was not one conferring jurisdiction where none existed before; it merely waived all ground of objection to that which might have otherwise been deemed an erroneous disposition of a matter properly before the court for determination. The court had jurisdiction of the subject-matter, and had possession of the fund under proceedings which were lawfully instituted therein. The parties were endeavoring to obtain the fund, and agreed, as they lawfully might, upon a mode of determining their right to it. The court had power to appoint a referee independent of the consent of the parties. Code Civ. Proc. § 2443. The stipulation was intended to operate as a waiver of the objection that the referee's power must cease if a conflict of title arose, for by the agreement he was authorized to determine the conflict as well. The question presented on the appeal is, therefore, one of procedure, not of jurisdiction. While con-

sent cannot confer jurisdiction over the subject-matter, it may, to an extent, regulate the manner in which it shall be exercised. "Parties, by their stipulations, may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional, rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contracts than are prescribed by the statute; * * * and all such stipulations not unreasonable, not against good morals or sound public policy, have been and will be enforced; and generally all stipulations made by parties for the government of their conduct, or the control of their rights in the trial of a cause or the conduct of a litigation, are enforced by the courts." In re New York, L. & W. R. Co., 98 N. Y. 453. In Armstrong v. Percy, 5 Wend. 536, the court said: "The case of Harris v. Bradshaw, 18 Johns. 26, is a clear authority, however, for us to say that, as it is a species of action in which there might have been a reference, we will not hear the parties allege, against their agreement and acts, that it was not a proper case for a reference." See, also, Baird v. Mayor, etc., 74 N. Y. 382; Lee v. Tillotson, 24 Wend. 337. The maxim applicable is, "Modus et conventio vincunt legem," which the late Judge Allen liberally translated as follows: "The terms and conditions of a contract have the force of law over those who are parties to it." Lowry v. Inman, 46 N. Y., at page 129. The courts do not hold parties to the strict limits of an inquiry; and where a party, by not objecting, or otherwise, consents to litigate questions not technically within the issues, he will not on appeal be heard to complain that the recovery was not upon the cause of action specifically alleged. Kafka v. Levensohn, 18 Misc. Rep. 205, 41 N. Y. Supp. 368; Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910; Farmers' Loan & Trust Co. v. Housatonic R. Co., 152 N. Y. 251, 46 N. E. 504.

The only other objection urged is based on the exclusion of the clerk's minutes showing the reversal of the May judgment by order entered November 6, 1896. This evidence was offered after the close of the reference, and on that and other grounds was objected to. It was discretionary with the referee whether he would open the reference to receive the evidence (Fielden v. Lahens, 2 Abb. Dec. 111; Pearson v. Fiske, 2 Hilt. 146), and it could not have altered the result if he had received it; so that the appellant was in no manner prejudiced by the ruling.

The order must be affirmed, with costs. All concur.