(27 Misc. Rep. 192.)

## GOMPRECHT et al. v. SCOTT.

(Supreme Court, Appellate Term.   March, 1899.)

COURTS—JURISDICTION—WAIVER—APPEAL.

A claimant, who, in a supplementary proceeding to require a third party to pay over money belonging to a judgment debtor, petitions the court to determine the ownership and presents proof of his claim, cannot on appeal urge an objection that the court was without jurisdiction to determine ownership.

Appeal from city court of New York, general term.

Action by Gus Gomprecht and another against Libbie M. Scott. From an order of the city court (55 N. Y. Supp. 239) affirming an order made at special term, defendant and one Minna Scott, a claimant of certain moneys, appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

David M. Kellogg, for appellants.

Arnold Charles Weil, for respondents.

Laurence Arnold Tanzer, for receiver.

LEVENTRITT, J. These proceedings were founded on a default judgment recovered by the plaintiffs against the defendant Libbie M. Scott. Upon the entry of judgment, execution was issued, and on the next day, before its return, supplementary proceedings in aid thereof were instituted. The first step taken was the service of a third-party order on the Plaza Bank, requiring it to appear for examination concerning property alleged to be in its possession belonging to the defendant Libbie M. Scott. No notice whatsoever was given her of this proceeding, nor of the appointment of a receiver made after the examination of the bank which disclosed funds deposited therein in her name. On the return day of the third-party order, a receiver was appointed, to whom the bank paid the amount to deposit, and on the succeeding day, by order of the court, he was directed to pay to the plaintiffs the amount of their judgment, and, after deducting his allowed fees and expenses, to pay the balance to the defendant Libbie M. Scott, or to the city chamberlain to the credit of the proceeding. The receiver forthwith satisfied the judgment, retained the amount of his fees, and notified Libbie M. Scott that he held the balance at her disposal. On the same day, the latter, having received intimation of the measures resorted to, obtained, in conjunction with her daughter Minna Scott, an order to show cause to vacate the orders providing for the examination of the bank and the appointment of the receiver, and for restitution, on the ground that, although the fund in the bank stood in the name of Libbie M. Scott, the judgment debtor, it in reality was the property of Minna Scott. Upon the hearing of the order to show cause, including Minna Scott, the claimants of the fund were represented, and the argument then had resulted in an order refusing the application to vacate the prior orders, but directing that further testimony be taken to determine the ownership of the fund. No appeal was taken from this order; but, on the contrary, the examination pursuant

thereto was had at the instance of the defendant Libbie M. Scott and of the claimant Minna Scott. Upon its conclusion, a motion was made by Minna Scott alone for an order directing the receiver to pay over to her the full amount of the moneys originally obtained from the Plaza Bank. That motion was denied, and from the consequent affirmance at the general term this appeal was taken. Only the rights of Minna Scott are involved in this review. Libbie M. Scott was in no wise aggrieved by the order, and, although named as appellant in the notice of appeal, was not a moving party.

If a proper appeal had been taken from the orders refusing to vacate the appointment of the receiver and the third-party examination, then it would have been incumbent upon us to nullify the entire proceeding because of the failure to comply with the requirements of sections 2441 and 2464 of the Code of Civil Procedure. No notice had been given to the judgment debtor of the application to appoint the receiver. Nothing was presented to the judge warranting him in dispensing with the statutory two-days notice, or to support the statement in the order appointing the receiver that the judgment debtor could not be found within the state, as the affidavit was silent as to her whereabouts, and as to any efforts to ascertain them. Morgan v. Kohnstamm, 9 Daly, 355; Grace v. Curtiss, 3 Misc. Rep. 558, 23 N. Y. Supp. 321. But the order appointing the receiver, coming before us merely collaterally, as one of the papers upon which, and not from which, this appeal is taken, is conclusive evidence of the facts therein recited, and cannot now be questioned. Stiefel v. Berlin, 20 Misc. Rep. 194, 45 N. Y. Supp. 746. The right to raise these various points, however, has not been preserved; and the arguments adduced in their support are unavailing on this appeal.

Practically, the only question before us is the decision as to the ownership of the fund. It may be conceded that the court below had no inherent power to determine, on mere motion, the disputed claim of title to the property. Krone v. Klotz, 3 App. Div. 587, 38 N. Y. Supp. 225; Bank v. Pugsley, 47 N. Y. 368; Carriage Co. v. Richardson, 6 Misc. Rep. 467, 27 N. Y. Supp. 625. The proper method of bringing into litigation the rights of third parties is by way of suit. Rodman v. Henry, 17 N. Y. 482. But Minna Scott could and did confer the power upon the court to adjudicate the ownership of the fund. She petitioned the court to investigate and determine that question, and presented proof of her claim. In challenging a decision adverse to her interests, she cannot now interpose an objection which she has heretofore voluntarily waived. This view is in consonance with a former decision of this court in a case wherein the material facts were essentially similar to those in the case at bar. Maas v. McEntegart, 21 Misc. Rep. 462, 47 N. Y. Supp. 673. The order appealed from should be affirmed.

Order affirmed, with costs to the respondents. All concur.