## VOLUME 78,

AND

## New York State Reporter,

## VOLUME 112.

(75 App. Div. 241.)

### FISS et al. v. HAAG.

(Supreme Court, Appellate Division, Third Department. September 9, 1902.)

1. SUPREME COURT JUDGMENT—SUPPLEMENTARY PROCEEDINGS—COUNTY COURT ORDER.

   Code Civ. Proc. § 2447, provides that where it duly appears in supplementary proceedings that a judgment debtor has in his possession or control money belonging to him, "the judge by whom the order or warrant was granted or to whom it is returnable" may make an order directing the judgment debtor immediately to pay the money to the receiver. *Held* that, since there is no authorization for such an order to issue from the county court to a judgment debtor in the supreme court, an order directing such a judgment debtor to pay a certain sum to a receiver under penalty of attachment issuing against him is unauthorized where the order purports to be an order of a county court, and was so treated by the parties.

   Kellogg and Fursman, JJ., dissenting.

Appeal from Albany county court.

Action by William Fiss and others against Sebastian Haag. From an order of the county court directing defendant, a judgment debtor, to pay to the receiver of his property a certain sum within 10 days, etc., and from a subsequent order denying the motion made by him to set aside and vacate the former order, defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

John H. Dugan (Mark Cohn, of counsel), for appellant.
Edgar T. Chapman, for respondents.

CHASE, J. The respondents' judgment was obtained in the supreme court. In supplementary proceedings, "where it appears from

the examination or testimony taken in a special proceeding * * * that the judgment debtor has in his possession or under his control money * * * belonging to him, * * * the judge by whom the order or warrant was granted or to whom it is returnable may in his discretion * * * make an order directing the judgment debtor * * * immediately to pay the money * * * to the receiver." Code Civ. Proc. § 2447. "A person who refuses or without sufficient excuse neglects to obey an order of a judge or referee * * * or an oral direction given directly to him by a judge or referee * * * may be punished by the judge or by the court out of which the execution was issued as for a contempt." Id. § 2457. The order of October 5, 1901, appealed from, purports to be an order of the county court of Albany county, granted at a special term thereof. The respondents' attorney entered the order, and gave notice of entry to appellant's attorney, describing the order in his notice as "an order of the county court, duly granted." It seems to have been intended as a county court order, and it has been treated as such by the parties. As a county court order, it was unauthorized.

Orders reversed, with $10 costs and disbursements.

PARKER, P. J., concurs. SMITH, J., concurs in result. KELLOGG and FURSMAN, JJ., dissent.