HAPPEL v. LIPPE et al.

(Supreme Court, Appellate Term. October 27, 1905.)

APPEAL—EXECUTION—SUPPLEMENTARY PROCEEDINGS—RECEIVER—APPOINTMENT.
    Code Civ. Proc. § 2433, relating to proceedings supplementary to execution, provides that an order made therein can be reviewed only as provided, and that an order made by a judge may be vacated or modified as though made in an action, or it or the order of the judge vacating or modifying it may be vacated or modified on motion. Held, that an appeal does not lie from the order of a judge appointing a receiver in supplementary proceedings, but a motion should be made to the judge who signed the order or to the court to vacate that order, and on a denial an appeal will lie.
    [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 803.]

Appeal from City Court of New York, Special Term.

Action by Adam Happel against Herman F. Lippe and another. Appeal by defendants from an order appointing a receiver in supplementary proceedings. Appeal dismissed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

O'Brien & Lippe (Otto H. Droege, of counsel), for appellants.
Phillips & Avery (Frank M. Avery, of counsel), for respondent.

SCOTT, P. J. The judgment debtors appeal from an order appointing a receiver of their property in proceedings supplementary to execution. The proceeding was begun by the issuance of an order for the examination of a third party, the city of New York, and the point upon which the appellants rely is that the third party order itself was unauthorized and void, because the affidavit upon which it was issued failed, as it is said, to state the necessary facts to show that the City Court, in which the judgment was recovered, had jurisdiction to render the judgment. It has been held in a number of cases that, while proceedings supplementary to execution are special proceedings, they are not to be re-

garded as wholly independent of and unconnected with the action in which judgment was rendered. Graves v. Scoville, 12 Civ. Proc. R. 165; Hyatt v. Dusenbury, Id. 152. Under this conception of the nature of the proceedings it is at least doubtful if it is necessary to set forth the jurisdictional facts sustaining the judgment. It is not, however, necessary to consider that question at present, for the order appointing the receiver is not appealable. Although described in the notice of appeal as an order of the court, it is in fact the order of a judge. Section 2433, Code Civ. Proc., forbids a direct appeal from such an order. The judgment debtors should have made a motion, on notice either to the judge who signed the order, or to the court, to vacate that order, and, if that motion had been denied, an appeal would then lie. Palen v. Bushnell, 68 Hun, 554, 22 N. Y. Supp. 1044; Matter of Van Ness, 17 App. Div. 581, 45 N. Y. Supp. 576.

Appeal dismissed, with $10 costs and disbursements. All concur.