### GOLDREYER v. SHATZ et al.

(Supreme Court, Appellate Term. January 15, 1909.)

1. EXECUTION (§ 402*) — SUPPLEMENTARY PROCEEDINGS—ORDERS FOR DELIVERY OF PROPERTY TO RECEIVER—CONCLUSIVENESS.

A default order in supplementary proceedings for the delivery by the judgment debtor of property to the receiver, made after notice to the debtor, as provided by Code Civ. Proc. § 2447, determines the question of title in the judgment debtor to the property, and until set aside is con-

clusive on that subject, and an order adjudging the debtor guilty of contempt for noncompliance with the order cannot be assailed on the ground that a question of disputed ownership was summarily determined.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1159; Dec. Dig. § 402.*]

2. EXECUTION (§ 402*)—SUPPLEMENTARY PROCEEDINGS—ORDERS—VALIDITY.

An order in supplementary proceedings, directing the judgment debtor to deliver property to the receiver, is not void because it is in form a court order instead of a judge's order.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1159; Dec. Dig. § 402.*]

3. JUDGMENT (§ 504*) — COLLATERAL ATTACK—SUPPLEMENTARY PROCEEDINGS—
ORDERS—CONTEMPT—REVIEW.

The objection that an order in supplementary proceedings directing the judgment debtor to deliver property to the receiver is in form a court order instead of a judge's order is not reviewable on appeal from an order adjudging the debtor guilty of contempt for failing to deliver the property.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 946; Dec. Dig. § 504.*]

Appeal from City Court of New York, Trial Term.

Supplementary proceedings by Charles A. Goldreyer, judgment creditor, against Abraham Shatz and another, judgment debtors. From an order adjudging defendant Vincent C. Corrier guilty of a contempt, he appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF, and GUY, JJ.

Meyer Levy, for appellant.
Slade & Slade (Maxwell Slade, of counsel), for respondent.

BISCHOFF, J. The order for the delivery of property by the judgment debtor to the receiver was made upon the former's default, after notice (Code Civ. Proc. § 2447), and the question of title in the judgment debtor to the property directed to be delivered was then determined. Relief from the default not having been asked, that order was conclusive, and any further inquiry into the circumstances, as an act of grace toward the judgment debtor, upon the motion to enforce the order by contempt proceedings, within the discretion of the court to withhold. Hence the order appealed from, directing the debtor's punishment, cannot be assailed upon the ground that a question of disputed ownership was summarily determined.

While the order directing delivery to the receiver was in form a court order instead of a judge's order, and so open to technical objection upon direct review (Fiss v. Haag, 75 App. Div. 241, 78 N. Y. Supp. 1), it was not to be held void because of its mere form (Phinney v. Broschell, 80 N. Y. 544), and cannot be reviewed upon an appeal from the order in contempt proceedings (In re Van Ness, 17 App. Div. 581, 45 N. Y. Supp. 576). This appeal, so far as it proceeds upon technicalities of practice, is therefore without foundation, and, upon the merits, it appears that the discretion of the court below was prop-

*For other cases see same topic' & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erly exercised, in view of the very strong suggestion of bad faith on the part of the judgment debtor which the record imports.

Order affirmed, with $10 costs and disbursements. All concur.