---

(80 Misc. Rep. 79.)

### In re FLYNN.

(Supreme Court, Special Term, Kings County. March 5, 1913.)

1. APPEAL AND ERROR (§ 131*)—DECISIONS REVIEWABLE—DECISIONS OF JUDGE OUT OF COURT.

Under Code Civ. Proc. § 2433, subd. 1, providing that orders in supplementary proceedings made by a judge out of court may be vacated or modified by him as if made in an action, and that it or the order of the judge vacating or modifying it may be vacated or modified by the court out of which the execution was issued, an order requiring third persons to turn over securities to a receiver could be vacated or modified on motion by the judge granting it, and an appeal taken from his order granting or denying such motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 895; Dec. Dig. § 131.*]

2. EXECUTION (§ 414*)—SUPPLEMENTARY PROCEEDINGS—PROPERTY IN POSSESSION OF THIRD PERSONS.

Under the express provisions of Code Civ. Proc. § 2447, the court cannot, in supplementary proceedings, order third persons to deliver to a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

receiver property, where the debtor's right to possession is substantially disputed by the third persons, but the receiver must resort to an action to recover its possession.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1193; Dec. Dig. § 414.*]

Supplementary proceedings by Margaret Olivia Sage and others, as executors of Russell Sage, judgment creditors, for the examination of Patrick H. Flynn, judgment debtor. On motion to vacate an order requiring third persons to turn over certain securities to the receiver. Motion granted.

McGuire, Delaney, Niper & Connolly, of Brooklyn (Edward J. Connolly, of Brooklyn, of counsel), for Hamilton Trust Co.

Charles L. Craig, of New York City, for Leander B. Faber, as receiver.

Robert H. Elder, of New York City, for Everett Greene.

Andrew F. Van Thun, of Brooklyn, for Helena I. Meht.

BENEDICT, J. This is a motion made pursuant to the provisions of section 2433 of the Code of Civil Procedure to vacate an order made by Mr. Justice Jaycox and dated on February 11, 1913, in proceedings supplementary to execution, requiring Everett Greene and the Hamilton Trust Company to turn over upon certain conditions to Leander B. Faber, as receiver, certain securities held by them and which the receiver claims to be entitled to as being the property of his judgment debtor.

[1] The motion to vacate or modify such an order can properly be made only to the judge who made the order or to this court, being the court out of which the execution was issued. Code, § 2433, subd. 1; Matter of Van Ness, 17 App. Div. 581, 45 N. Y. Supp. 576; Palen v. Bushnell, 68 Hun, 554, 22 N. Y. Supp. 1044; Happel v. Lippe, 48 Misc. Rep. 605, 95 N. Y. Supp. 523. In this case the order itself contained a stay of all proceedings under it until the hearing and determination of any motion which might be made at Special Term to vacate or modify it if such motion were made within seven days from the date of the order. This provision was unnecessary, because, although counsel appeared to think otherwise on the argument before me, the justice (judge) who granted the order had power to entertain a motion to vacate or modify it himself, and from an order made by him, either granting or denying such motion, an appeal would lie, just as well as from an order of similar character made by the Special Term. Counsel were evidently quite as much concerned to have an order made that would be appealable as they were to have one made that would be right. I shall, therefore, after conference with my Brother Jaycox, make an appealable order.

[2] The order which is sought to be vacated directed that Everett Greene, upon tender to him of $5,500 by the receiver, deliver and assign to said receiver 400 shares, or substitutes therefor, and the certificates therefor, of the second preferred stock of United States Rubber Company, four $1,000, 4 per cent. bonds of Nassau Electric Railroad Company, and 50 shares, and the certificates therefor, of the pre-

ferred stock of the Denver & Rio Grande Railroad Company; and it provided, further, that upon the failure or omission of said Everett Greene to make such delivery, and the tender by said receiver to Hamilton Trust Company of $46,000 and interest to the date of said tender, upon the eight certain promissory notes of the said Everett Greene, particularly described in said order, that said Hamilton Trust Company deliver and assign to said receiver the aforesaid notes of Everett Greene, aggregating $46,000, together with all and singular the securities and property of every kind held for the payment thereof, including the aforesaid 300 shares, and certificates therefor, of the first preferred stock of United States Rubber Company, four $1,000, 4 per cent. bonds of Nassau Electric Railroad Company, 50 shares, and certificates therefor, of preferred stock of Denver & Rio Grande Railroad Company, and 393 shares, and certificates therefor, of Kings County Lighting Company. The Hamilton Trust Company desires to have this order vacated, upon the ground that there is a substantial dispute as to the judgment debtor's right to the possession of the property.

Section 2447 of the Code of Civil Procedure provides that:

"Where it appears from the examination or testimony taken in a special proceeding authorized by this article that the judgment debtor has in his possession or under his control money or other personal property belonging to him, or that one or more articles of personal property capable of delivery, his right to the possession whereof is not substantially disputed, are in the possession or under the control of another person, the judge by whom the order or warrant was granted, or to whom it is returnable, may, in his discretion and upon such notice given to such person as he deems just, or without notice, make an order directing the judgment debtor or other person immediately to pay the money or deliver the articles of personal property to a sheriff designated in the order unless a receiver has been appointed, or a receivership has been extended to the special proceeding, and in that case to the receiver."

The order complained of was one made under the provisions of the Code just quoted. That section is in part former sections of the Code of Procedure Nos. 294, 297, and 299, and the cases under those sections are applicable to the question presented upon this motion, which is: Is the judgment debtor's right to the possession of the personal property specified in the order substantially disputed? If it be, then under the authority of Kenney v. South Shore, N. G. & F. Co., 201 N. Y. 89, 92, 94 N. E. 606, 607, the order should not be made. As was said by Judge Bartlett in that case:

"If there is a real controversy in this respect, it cannot be settled in supplementary proceedings, but must await determination in an appropriate action" (citing Rodman v. Henry, 17 N. Y. 482; Barnard v. Kobbe, 54 N. Y. 516).

In the first of these cases Chief Judge Johnson said:

"Upon proceedings supplementary to execution, under the Code, the judge has power to order any property of the judgment debtor, in the hands of himself or any other person, to be applied towards the satisfaction of the judgment. Section 297. But if it appear that a person alleged to have property of the judgment debtor claims an interest in the property adverse to him, such interest is only recoverable in an action against such person by the receiver. Section 299. It is not enough, therefore, that property is found in the hands of the judgment debtor; it must also appear to be his property. The sections cited, as well as section 294, which directly bears

upon the construction of section 299, preclude the idea that a third person, who claims the property as his own, is to be placed, in virtue of these proceedings, in a position where his rights can only be asserted in a suit in which he is plaintiff. The obvious purpose of the series of provisions is to give the creditor an immediate and summary remedy against the debtor's property, but not to permit the rights of third persons to be brought into litigation, except in a regular way by suit." Rodman v. Henry, supra.

In Barnard v. Kobbe, supra, it was held that:

"To authorize an order under section 297 of the Code, the property to be applied to the payment of the judgment must belong to the judgment debtor. If any other party claims an adverse interest in it, the question must, by the very terms of the statute, be settled in an action to be tried according to the ordinary forms of law." 54 N. Y. 521.

In Holmes v. O'Regan, 68 App. Div. 318, 74 N. Y. Supp. 10, the Appellate Division in this department held that, where a serious dispute had arisen as to whether moneys received by the judgment debtor did belong to the judgment debtor's wife or not, the title of the money will not be determined upon a motion to punish the judgment debtor for contempt in refusing to pay over such money to the receiver.

In Krone v. Klotz, 3 App. Div. 587, 38 N. Y. Supp. 225, the Appellate Division in the First Department said that:

"Wherever such dispute exists in good faith, the court cannot settle such dispute in supplementary proceedings, but should leave the parties to their action. The fact of ownership should be clearly and conclusively established, in order to warrant the making of the order to pay over the money under this section of the Code. The appellant claimed a right to retain these moneys for services rendered by him for the judgment debtor in proceedings other than the suit in which the money was recovered. The rendering of such other services and the value thereof were proven, and apparently were uncontradicted. But if there was any conflict of evidence in reference thereto, the judge had no power to determine the question of fact in these proceedings."

See, also, decision by Mr. Justice McAdam in Maas v. McEntegart, 47 N. Y. Supp. 673, where it is said:

"If the appellant had urged in the court below that it could not determine a disputed claim of title to property on mere motion, but should have appointed a receiver, who might have the question determined by action (Rodman v. Henry, 17 N. Y. 484; West Side Bank v. Pugsley, 47 N. Y. 368; Teller v. Randall, 26 How. Prac. 155; Krone v. Klotz, 3 App. Div. 587, 38 N. Y. Supp. 225), the court below would, no doubt, have held with him. But, instead of requiring this circuitous course to be adopted, the appellant preferred, and therefore consented, that the question be determined at once, finally, and forever, in the proceeding then pending."

In the present case the Hamilton Trust Company claims an interest in the equities of these securities, if there be any, by reason of certain facts which are shown by the motion papers and by the testimony of Mr. Edmister and of other witnesses who appeared and testified in this proceeding, and I cannot under the authorities decide summarily that their claim is without any foundation.

The motion, therefore, will be granted, but without costs.