# 854 Cases Reported with Brief Syllabi.

MARY DAPORTA, as Administratrix, etc., of BERNARDO DAPORTA, Deceased, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. No opinion. Jaycox, Young and Lazansky, JJ., concur; Kelly, P. J., and Kapper, J., dissent upon the ground that the charge of the court presents reversible error, which was duly excepted to by defendant at folio 1215 of the record on appeal.

EDNA D. ELY, Respondent, v. JAMES W. DOLEN, Appellant. MAX R. SCHNEER, Receiver, Respondent.— Order requiring judgment debtor to surrender possession of premises reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. We are of opinion that there is no authority in the statute (Civ. Prac. Act, § 793) for the order appealed from. (*Matter ·of Fiss* v. *Haag,* 75 App. Div. 241; *Moyer* v. *Moyer,* 7 id. 523; *First Nat. Bank of Canandaigua* v. *Martin,* 49 Hun, 571.) Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

THOMAS EVANGELISTE, Respondent, v. JOHN D. WALSH, INC., Appellant.— Order vacating prior order obtained on plaintiff's default dismissing complaint for want of prosecution affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

FRANCIS M. FALLON, Appellant, v. FERDINAND HOFFMAN, Respondent.— Order vacating notice of examination before trial affirmed, without costs. No opinion. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

· CHARLES FINEMAN, MOSES HALLE and MAX RESNICK, Appellants, v. ELIZABETH CALLAHAN, Respondent.— Judgment reversed on the law and the facts, and new trial granted, costs to abide the event. Judgment was rendered for defendant upon the basis that the objections to the title, consisting of certain encroachments upon the street, were trivial, and that even if the seller was required to give such title as the title company would insure, there was no proof that the title company would refuse to insure, it being stated that the fact that the closing certificate contained a statement that certain exceptions would be placed in the policy was not sufficient to show that the title company would not insure the title, the suggestion being made that such reservations would not be placed in the policy if an additional premium were paid. There was no proof in the case that these encroachments were trivial. But even if they were, in light of the provision of the contract that the seller give and the purchaser accept a title such as the title company will approve and insure, upon proof that the title company would not insure the title, except subject to these encroachments, the purchaser would be warranted in refusing to take title. While the court made no finding in that connection, there was proof that the title company would not insure this title except subject to the encroachments. There was no proof, nor was there an admission, that the title company, upon payment of an additional premium, would insure the title in accordance with the contract. There was proof in the case which would have warranted a finding that plaintiffs defaulted on the law ,day without giving any reason, and that no objection was made to the title for any reason whatsoever. The case, however, was not decided upon that basis, and no finding to that effect was made. Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ., concur.