(69 App. Div. 58.)

### DROEGE v. BAXTER et al.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

EXECUTIONS—SUPPLEMENTARY PROCEEDINGS—JUNIOR JUDGMENTS—RECEIVERS.

Code Civ. Proc. § 1408, provides that an execution out of a court not of record, actually levied, has preference over another execution out of any court, not previously served. Section 2468 provides that the property of a judgment debtor is vested in a receiver from the time of filing the order appointing him. Section 2469 enacts that where the receiver's title to personal property has become vested, and an order requiring the judgment debtor to attend and be examined has been served before the appointment of a receiver, his title extends back so as to include the debtor's personal property at the time of the service of the order, but that this shall not affect the title of a "purchaser in good faith without notice," or the payment of a debt in good faith and without notice. After an execution was returned unsatisfied, and an order in supplementary proceedings was made, another creditor obtained judgment against the same debtor out of a court not of record, and personal property of the debtor, who had meanwhile been served with the order in supplementary proceedings, was sold under the junior judgment and purchased by the junior creditor. Held, that the receiver afterwards appointed in the supplementary proceedings could not recover the proceeds of the sale from the junior creditor, they having been applied to the "payment of a debt in good faith without notice."

Laughlin, J., dissenting.

Appeal from special term, New York county.

Proceedings by Otto H. Droege, as receiver, against Edwin W. Baxter and others. From a judgment overruling a demurrer to the complaint (72 N. Y. Supp. 1045), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William J. Barr, for appellants.
Otto Droege, for respondent.

O'BRIEN, J. The action was brought by a receiver appointed in supplementary proceedings to test his title to property of the judgment debtor which was levied upon by the defendants under execution and sold. The order in supplementary proceedings was issued on August 21, 1901, after entry of a judgment and the return of an execution thereupon unsatisfied. On August 26, 1901, the defendants obtained a judgment against the judgment debtor, and execution was issued the same day, and property in his possession was levied upon, and subsequently sold by the city marshal to the defend-

ants.   Thereafter, on September 4, 1901, the plaintiff herein was ap-
pointed receiver in the supplementary proceedings referred to, and
demanded of the defendants the proceeds of the sale, which was re-
fused, whereupon this suit was brought.   To the complaint which set
forth these facts the defendants demurred, but the demurrer was
overruled, and from the interlocutory judgment so entered the de-
fendants appeal.

The junior execution was one issued out of a court not of record,
and the order in supplementary proceedings was served upon the
judgment debtor under the senior judgment, prior to the levy and
sale under the junior judgment.   The question presented for our
determination, therefore, is, can a receiver in supplementary proceed-
ings, instituted upon a senior judgment and execution, recover from
an execution creditor the proceeds received by said execution credit-
or from a sale of tangible personal property of the judgment debtor
under a junior judgment and execution, where the levy and sale of
the tangible personal property took place before the appointment
and qualification of the receiver?

Section 1408 of the Code of Civil Procedure provides:   "But an
execution issued out of a court not of record,   *   *   *   if actually
levied, has preference over another execution, issued out of any court
of record or not of record, which has not been previously levied."   It
is insisted, however, that this section is superseded and controlled
by sections 2468 and 2469 of the Code of Civil Procedure, wherein it
is provided, in section 2468, that "the property of the judgment
debtor is vested in a receiver, who has duly qualified, from the time
of filing the order appointing him, or extending his receivership, as
the case may be"; and, in section 2469, that:

"Where the receiver's title to personal property has become vested,
*   *   *   it also extends back, by relation, for the benefit of the judgment
creditor in whose behalf the special proceeding was instituted, as follows:
(1) Where an order requiring the judgment debtor to attend and be exam-
ined   *   *   *   has been served before the appointment of the receiver or
the extension of the receivership, the receiver's title extends back so as to
include the personal property of the judgment debtor at the time of the
service of the order.   *   *   *   But this section does not affect the title
of a purchaser in good faith, without notice, and for a valuable considera-
tion;  or the payment of a debt in good faith, and without notice."

These two sections of the Code are new, and are derived in part
from section 298 of the former Code of Procedure.   In construing
the language of that section (section 298), the court of appeals in
Becker v. Torrance, 31 N. Y. 640, held that, "as regards chattels
subject generally to seizure on execution, the making of an order
for the examination of the debtor in proceedings supplementary to
execution has not any effect to preclude another judgment creditor
from levying his execution on such chattels, and that such levy con-
fers a right prior and superior to any acquired by the creditor obtain-
ing that order."   And sections 2468 and 2469 of the Code of Civil
Procedure were construed in McCorkle v. Herrman, 117 N. Y. 302,
22 N. E. 949, wherein it was said:

"By section 2469, when an order for the debtor's examination has been served, the receiver's title, when vested pursuant to section 2468, 'extends back so as to include the personal property of the judgment debtor at the time of the service of the order,' except as against bona fide purchasers, or against creditors who have meanwhile received payment from their debtor in good faith and without notice. The words 'personal property' in this section include money, chattels, things in action, and evidence of debt. Section 6343. Section 2469 is a new provision, not found in the former Code, and appears to have been inserted to change the rule declared in Becker v. Torrance, 31 N. Y. 631, to the effect that no equitable lien was acquired by a creditor on the property of his debtor by the commencement of supplementary proceedings, and that when a receiver is appointed his title relates to the date of his appointment, and is subject to any lien on the debtor's property acquired by third persons intermediate the commencement of the proceedings and the appointment of the receiver."

See, also, In re Clover, 8 App. Div. 561, 40 N. Y. Supp. 886.

In the case of McCorkle v. Herrman, supra, the question related to the title to intangible assets of the judgment debtor, and not tangible assets subject to execution, as in the case at bar. The language of Judge Andrews, however, who wrote the opinion in that case, justifies the conclusion reached by the learned judge at special term that the sections quoted were intended and are to be construed as intending to abolish the distinction formerly existing, and "to give a receiver the same title, by relation back after his appointment, to the tangible assets, or those subject to execution at law, as to the intangible assets, otherwise denominated things in action and equitable assets." Although we should have had some doubt as to this being the correct construction to be given to the sections referred to, our respect for the able judge who delivered the opinion in the McCorkle Case, supra, requires that we should not attempt to disturb it until the subject is again reviewed by the court of which he was formerly a member.

Assuming, however, without deciding, that this is a correct exposition of those sections of the Code of Civil Procedure, we are still of the opinion that we should answer the question presented for our determination in the negative, thinking, as we do, that the defendants are entitled to retain the sum realized upon the levy and sale of the property, because protected by that part of section 2469 which refers to "the payment of a debt in good faith and without notice." Here the creditors, without knowledge of the pendency of the proceedings supplementary and in good faith, took steps to secure the payment of their debt, and, to that end, obtained judgment, made levy, and, by sale under the execution, devested the debtor of his title to the tangible assets levied upon and sold, and realized a sum which was applicable to, and which they must be held to have received in payment of, their debt, since, to the extent of the money obtained, it was discharged. As to the property itself, the fact that it was bought in by the creditors presents no different condition with respect to the title thereto than if it had been purchased by a third person. It follows that the defendant creditors, as well as a third person, had the latter intervened and bought at the sale, would, as against the receiver, have good title to the property under the express language

of section 2469, for they thus became purchasers "in good faith, without notice, and for a valuable consideration."

The rights and the remedies of the receiver, therefore, so far as the property itself is concerned, were forever gone, and all that remained, if anything, was a right to the proceeds realized from the sale of the property. These, however, had been appointed in "the payment of a debt, in good faith and without notice"; and although the payment was one, so far as the debtor was concerned, which was involuntary, we do not think that there is any good reason for holding that the creditors got any other or different title to such proceeds than if the debtor had sold the property and turned over the moneys to the creditors in payment of the debt in good faith. The creditors having pursued their legal remedy, and devested the title of the debtor upon the sale under the execution, and applied the proceeds in payment of their debt, in good faith and without notice, we do not think the receiver's title to these proceeds, giving full force and effect to the sections upon which he relies, is superior to that of the defendants.

It follows from this conclusion that the demurrer to the complaint should have been sustained. The judgment accordingly is reversed, with costs to the appellant to abide the event, and the demurrer sustained, with costs, but with leave to the plaintiff within 20 days to amend his complaint, upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., and PATTERSON, J., concur. LAUGHLIN, J., dissents.