### DIENST et al. v. GUSTAVESON et al.

#### (Supreme Court, Appellate Term.   December 17, 1903.)

1. SUPPLEMENTARY PROCEEDINGS—RECEIVER—ASSIGNMENT OF MONEYS AFTER SERVICE OF ORDER—EFFECT.

Under Code Civ. Proc. § 2469, providing that where a receiver's title to personal property has become vested, and an order requiring the judgment debtor to attend and be examined has been served before the appointment of a receiver, his title extends back, so as to include the debtor's personal property at the time of the service of the order, but that this shall not affect the title of a "purchaser in good faith without notice," etc., the fact that money due the judgment debtors, in the hands of a third person, was assigned in good faith, and for value, after the service of an order in supplementary proceedings upon such third person directing the payment of the money to the receiver, did not necessarily affect the rights of the assignee.

2. SAME—RIGHTS OF ASSIGNEE.

When he is not made a party to the proceedings, the rights of an assignee of money due the judgment debtor, in the hands of a third person, assigned after service of an order in supplementary proceedings on such third person directing the payment of the money to the receiver, are not made greater or less by the order, as against such third person.

Appeal from City Court of New York, General Term.

Action by Adam P. Dienst and another against John B. Gustaveson and another.:   From an order in supplementary proceedings directing payment to receiver of moneys in hands of a third party, alleged to be due and payable to judgment debtors, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Macintoch Kellog, for appellants.

Arthur J. Westermayer, for respondents.

BISCHOFF, J.   Money in the hands of the comptroller, deemed to be payable to the judgment debtors, were directed by the order appealed from to be paid to the receiver appointed in supplementary

proceedings, notwithstanding the assertion of an assignment by the judgment debtors to a third party, in good faith and for value, before the receiver was appointed, and with notice to the comptroller. The fact that the assignment was made after service of the order in supplementary proceedings upon the comptroller did not necessarily affect the rights of the assignee. Code, § 2469; Droege v. Baxter, 69 App. Div. 58, 74 N. Y. Supp. 585. And so far as there was room for reasonable dispute as to the bona fides of the assignment, which affected a question of title, asserted or to be asserted by a person not a party to the proceedings, the determination of the issue by an order in supplementary proceedings could well be resisted by the party directed to make the payment to one rather than to the other claimant. Krone v. Klotz, 3 App. Div. 587, 38 N. Y. Supp. 225. The only party affected by this order, however, was the comptroller, who did not resist the direction to pay, and does not appeal. The appellants (the judgment debtors) have no interest in the priority of these conflicting claims against the fund, and the assignee's right, as against the comptroller, are not made greater nor less by the order in a proceeding to which he was not a party.

Order affirmed, with $10 costs and disbursements. All concur.