(21 Misc. Rep. 249.)

In re VAN NESS.

(Supreme Court, Special Term, New York County. August, 1897.)

1. MOTIONS—VACATION BY MOTION.

A motion in supplementary proceedings to vacate a motion to vacate orders to pay a certain sum in payment of a judgment, and adjudging the movant in contempt, cannot be entertained.

2. SUPPLEMENTARY PROCEEDINGS—EARNINGS SINCE SERVICE OF ORDER.

Though, under the Code, a debtor cannot be compelled to apply money that he earned since the service of an original supplemental order to the payment of the judgment, yet where, on examination in supplementary proceedings, he stated that he had $1,000, but did not show when he earned it, the court will order that it be applied on the judgment, as it will be presumed that it was earned prior to the service of such original order.

Application by Edward Van Ness for the examination of A. Edward Woodruff in supplementary proceedings. On appeal of the judgment debtor from orders requiring him to pay $700, and adjudging him in contempt for refusing to do so, the appellate court decided (17 App. Div. 581, 45 N. Y. Supp. 576) that his remedy was by way of motion before the special term. Thereafter he moved that said orders be vacated, and the judgment creditor served notice of a motion that he had made to vacate such motion. Both motions denied.

Louis A. Noble, for Edward Van Ness.
A. Edward Woodruff, in pro. per.

RUSSELL, J. The motion to vacate the motion cannot be entertained or granted. All the reasons for opposition can be as well heard in resistance to the application; and the notice of motion, whether by order to show cause or a notice signed by attorney, is not a writ or process which can be vacated or quashed upon an independent motion therefor. People v. New York Cent. & H. R. R. Co., 28 Hun, 543, and cases cited in the opinion. The motion to set aside the order to pay and the order punishing for contempt cannot be granted. Under the decision of the appellate division upon the appeal taken to review such orders, however, it was held that the proper practice was to move to vacate the orders. In re Van Ness, 17 App. Div. 581, 45 N. Y. Supp. 576. Therefore the motion is properly noticed for special term. Strenuous objection is made against this motion on the ground of laches. They are not so serious, in view of the effort of the debtor since the original order was granted to obtain a review, as to deny his standing in court at this time in the only method pointed out for him to set aside an order requiring him to pay $700, and another order adjudging him in contempt for not doing so. Therefore the application is heard upon the merits. That application, however, presents pretty nearly an abstract question. The validity of the execution and the order adjudging the indebtedness has passed beyond the domain of controversy by the former action of the courts. The only question now apparent is whether the order to pay was properly made. The supplemental examination discloses that the judgment debtor had ample means to pay. He boldly conceded under oath his ability to pay, and the possession of ample assets. He had the sum of $1,000

in his possession at the time of the examination. With a conceded indebtedness adjudged of record, and an execution against him, no substantial reason was presented by him why the indebtedness should not be paid. So far as it appears, some legal process could readily reach it, and the only objection is as to the particular form of that process. The objection to the order, therefore, is more theoretic than meritorious. I am also satisfied that upon the evidence the order was properly made. On the examination the judgment debtor volunteered the statement: "I have here with me upwards of $1,000 in cash. * * * Q. Is this $1,000 that you have in your possession absolutely your own, and at your disposal? A. It is." It was, therefore, apparent to the learned justice who granted the order that here was $1,000 belonging to the judgment debtor which was free money, and which ought to be applied in satisfaction of the execution. Assuming, for the sake of the argument, that where it appears that the money in the possession of the debtor has been earned by him since the service of the original supplemental order, the judge has no power to apply it, under the provisions of the Code, in satisfaction of the claim, he still has the right to draw the proper inferences from the possession of a large sum of money, and in reaching his judicial conclusion may very properly infer that the sum of $1,000 was the proceeds of property or services sold or rendered prior to the recent supplemental order, and did not arise out of earnings within a short period, and perhaps especially so in a case of a lawyer. Hence the evidence did not show the exception to the rule that earnings subsequent to the date of the supplemental order cannot be applied in satisfaction of execution, and, in such a case as this, in view of the amount and attendant circumstances, I think it should have affirmatively appeared to have been so earned within the recent period, in order to allow the debtor to avail himself of the exemption. Additional force for this consideration is afforded by the fact that the evidence as to the possession of the money came from the debtor himself, who had peculiarly the means of knowledge when it was obtained, and so would have brought himself within the privilege of exclusion if he could, and had so desired. The motion to vacate the orders therefore is denied, with costs.

Motion denied, with costs.