## Application of TRACY.

## Appeal of ALLEN BRADLEY CO. et al.

## No. 403.

Circuit Court of Appeals, Second Circuit.
July 31, 1939.

Gleason, McLanahan, Merritt & Ingraham, of New York City (Walter Gordon Merritt, Burgess Osterhout, and Hyler Connell, all of New York City, of counsel), for appellants.

Battle, Levy, Fowler & Neaman, of New York City, and Isaac Lobe Straus, of Baltimore, Md. (George Gordon Battle, of New York City, and Isaac Lobe Straus, of Baltimore, Md., of counsel), for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

While hearings were being held by a special master duly appointed in a civil suit pending in the District Court for the Southern District of New York, a subpœna in proper form was issued on February 23, 1939, requiring Dan W. Tracy to appear and testify on February 28, 1939, before said special master in the said suit. The subpoena was delivered to a process server who made due return, by affidavit, showing that he had served the subpoena upon Tracy at No. 69 West 66th Street, in the Borough of Manhattan on February 24, 1939, and had paid to him the required fee. If the affidavit of the process server is true, valid service of the subpoena was made upon Tracy within the Southern District of New York. On the return day of the subpœna, however, he failed to appear in response to it nor has he since done so.

On application made to a district judge of the Southern District of New York, an order directing Tracy to show cause why he should not be adjudged in contempt of court for failing to obey the subpoena was issued on March 8, 1939, but was not served within the required time though a futile effort to serve upon Tracy, who is a resident of Washington, D. C., was made. Thereafter a second such order to show cause was signed by the same judge on March 15, 1939, and was on March 21, 1939, duly served upon Tracy. This order required him to appear before the motion part of the District Court for the Southern District on April 11, 1939, to show cause why he should not be punished for contempt.

Tracy, having learned that the show cause order had been issued, applied on March 20, 1939, the day before the above order was served upon him, to another judge of the Southern District of New York for an order upon the attorneys for

the parties in the pending suit to show cause "why an order to show cause, or other mandate, or other notice of any character, issuing or purporting to issue from this Court, or any officer thereof, requiring the said Dan W. Tracy to appear and show cause why he should not be punished for contempt in failing to respond to an alleged subpoena or mandate requiring him to appear and testify before John Kirkland Clark, Special Master in the above mentioned action, should not be quashed, vacated, dismissed and cancelled, on the ground that no such subpoena requiring the said Dan W. Tracy to appear and testify before said Special Master was ever served upon the said Dan W. Tracy, and for other good and sufficient reasons set forth in the annexed affidavits; and why the Court should not make an order declaring that no such subpoena was served upon the said Dan W. Tracy, and why he, the said Dan W. Tracy, should not have such other and further relief as to the Court may seem fit and proper; * * *".

This order was returnable on March 31, 1939, and was duly served as directed upon the attorneys above mentioned and upon the United States Attorney for the Southern District of New York. It came on for hearing on the return day before the judge who signed it. He refused to consolidate the two orders for hearing on the return day of the one initiating the contempt proceedings but proceeded over the protest of appellants to determine the issue as to contempt upon affidavits of which several were filed in behalf of Tracy on the day of the hearing. He found that the subpœna had never been served upon Tracy; vacated and set aside the alleged service; and quashed and vacated the order to show cause, dated March 15, 1939, whereby Tracy had been required to defend the contempt charge made against him. The appellants are the plaintiffs in the suit pending before the special master who caused the subpoena for Tracy to be issued.

The procedure which was followed below was most irregular. All the issues passed upon in the order from which this appeal was taken were germane to the contempt proceeding commenced by the issuance of the show cause order of March 15, 1939, in accordance with Rule 16 of the Civil Rules of the District Court for the Southern District of New York. Orderly procedure required at least the consolidation of the two orders to show cause.

The failure to do so brought about a situation where the process of the court, regular on its face and sufficient to put in issue the entire controversy, was superseded by the order of a judge of concurrent jurisdiction simply by issuing another show cause order ostensibly to test the validity of the first one and making the second returnable before the return day of the one attacked. It is obvious that if such procedure should be permitted a similar attack could be made upon the show cause order issued by the second judge and such response to such orders be carried on while time and the number of different judges available permitted. It is plain that, as a result of the anomalous situation which has been brought about, a contempt proceeding regularly commenced has been heard and decided upon its merits not in due course but upon another show cause order obtained by the alleged contemner under the guise of vacating the pending order to show cause which did properly raise all material issues. No reason for vacating the first order was shown except, perhaps, a likelihood that it would fail because of insufficient supporting proof. Had the order appealed from been the opposite of what it was and the show cause order Tracy obtained been dismissed, the contempt proceedings would have been left still pending before the court. No order adjudging Tracy in contempt could have been made in the proceedings which resulted in the appealed order. And so it cannot be said that the appellants have ever had their day in court. They instituted proceedings which, if supported by adequate proof, would have entitled them to an order adjudging the appellee in contempt of court. They are still entitled to be heard on that issue in the sort of proceedings which at least give them a chance to secure the order they seek if they prove the contempt they assert. For this reason we cannot dispose of the appeal on the ground that the irregular procedure was merely harmless error.

While what was done did not overrule the decision of a judge of coordinate jurisdiction since no decision had been made, much of what was said in Commercial Union of America, Inc. v. Anglo-South American Bank, Ltd., 2 Cir., 10 F.2d 937, is also applicable to what was done here. Instead of overruling a decision, the order appealed from prevented any decision upon the merits in the duly instituted contempt proceedings and made them a nullity be-

fore they were even ripe for hearing in due course in the motion part before the judge who would there have been sitting on the return day. He would have had before him process which would have supported such decision as the circumstances required. For the disapproval of procedure similar to that followed below in this instance see, People v. New York Cent. & H. R. R. Co., 28 Hun, N.Y., 543; Donovan v. Donovan, Mass., 200 N.E. 884; In re Van Ness, 21 Misc. 249, 47 N.Y.S. 702.

Order reversed.

### CLARK, Circuit Judge (concurring).

I agree that there were matters in issue in these proceedings for contempt which were too important to be disposed of as summarily as was done below. There were issues of fact as to the attempted making of service not settled by the affidavits before the court and probably not to be settled without a hearing of witnesses. Furthermore, although it was not discussed below, there may be a question of law as to whether attendance before a master in New York City can be compelled of a witness resident in Washington, D. C., and served while only temporarily in New York at a public meeting some days prior to the day his attendance is demanded. This would concern the meaning of the word "live" in 28 U.S.C.A. § 654, limiting the testimony of nonresidents of the district to those who do not live at a greater distance than one hundred miles from the place where court is held, as well as the question whether Rule 45(e) of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, "Subpoena for a Hearing or Trial," changed this statute. Consequently I concur in the judgment of reversal.

I also agree that one judge should have proper respect for the decisions and orders of another judge of concurrent jurisdiction, and that procedure should not be complicated by piling up unnecessary orders to quash upon other orders effective for the disposal of all issues in dispute. I am concerned, however, lest the opinion may perhaps press the point of dignity between judges to the extent where it may be construed hereafter in such a way as to interfere with the effective dispatch of business in a district as busy as that of the Southern

District of New York, and lest further it may suggest limitations on the usefulness of the modern summary judgment procedure so effective for the speedy disposal of cases not requiring a formal trial.

The crowded docket in this district and the number of judges available have led to the desirable practice of the assignment of one judge for the regular hearing of motions, with frequent change in personnel for proper distribution of labor among the judges. Hence each of the proceedings below was ordered brought upon a day stated before the court at the ordinary motion calendar in a designated court room of the United States Court House, and not before a designated judge. Indeed, it so happened that the contempt proceedings proper, returnable April 11, 1939, would in natural course have come before a judge other than the one who signed the original order. If the steps taken below were not otherwise objectionable, they were not made so by the participation in them of different judges, in view of the settled customs of this district.

An unnecessary appearance of irregularity was given the proceedings below by the fact that formal orders to show cause, signed by a judge, were procured, whereas simple notices of motions would have been preferable. The new Federal Rules of Civil Procedure attempt to limit to a minimum these unnecessary formalities which take up the time of judges and add nothing of value to the proceedings. Here the order to show cause on the motion to quash was simply a somewhat peremptory notice of motion, as the judge below pointed out. Since such orders to show cause serve only to confuse, judges might well decline to sign them except when really required by or justified under binding rules of procedure. Looking behind this formal order, I can see nothing more here in reality than a motion for summary dismissal of contempt proceedings well within the new summary judgment rule (Rule 56(b), Federal Rules of Civil Procedure). If I am correct, none of the cited cases apply. Although I do not regard this as a proper case for granting the summary motion, it would be quite unfortunate if it could not be used at all in a proceeding of this kind in cases where it may be most useful in avoiding an unnecessary trial.