Reed JOHNSTON, Regional Director of the Eleventh Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

Sidney H. EVANS, Trading as Both Evans Manufacturing Company and Grifton Clothing Company, Evans Manufacturing Company, Incorporated, and Sidney H. Evans, Individually and as an Officer and Principal of the Foregoing, Respondents,

**and**

Grifton Clothing Company Employees Union, Party to Contract and now Respondent Intervenor.

Civ. No. 529.

United States District Court
E. D. North Carolina,
Washington Division.

Oct. 25, 1963.

Thomas C. Bradley, Jr., N. L. R. B., Winston-Salem, N. C., for petitioner.

Jay D. Barsky, of Silver & Barsky, Philadelphia, Pa., for respondent, Sidney H. Evans, t/a both Evans Manufacturing Company and Grifton Clothing Co.

Robert D. Wheeler, Grifton, N. C., Sherman T. Rock, Morehead City, N. C., for party to contract and now respondent intervenor, Grifton Clothing Co., Employees Union.

LARKINS, District Judge.

This proceeding is on a Petition for Temporary Injunction filed by the Regional Director of the Eleventh Region of the National Labor Relations Board (hereinafter referred to as the Board) pursuant to Section 10(j) of the National Labor Relations Act, as amended (29 U. S.C.A. § 160(j); herein called the Act). Said petition was filed on September 18, 1963, seeking an order directing the original Respondents to show cause why an injunction should not be granted as prayed in said petition and an Order was entered by this Court made returnable on October 2, 1963, before this Court at Trenton, North Carolina. This Court treats the Order to Show Cause, or Rule Nisi, as a simple motion, which is preferred to a formal Order to Show Cause and is treated as a motion under the rules. Application of Tracy, 106 F.2d 96 (2nd C.C.A., 1939), certiorari denied 308 U.S. 597, 60 S.Ct. 129, 84 L.Ed. 500. This matter is before the Court upon the return to the Show Cause Order, or Rule Nisi.

The Board seeks a temporary injunction pending the final disposition on the merits of the matters herein pending on a charge and amended charges filed by the International Ladies' Garment Workers' Union, AFL–CIO (hereinafter referred to as the ILGWU) alleging that the original Respondents, Evans, et al., have violated Section 8(a) (1), (2), and (3) of the Act. These sections proscribe an employer from interfering with, restraining or coercing employees in the exercise of their right to engage in certain collective activities, from dominating or assisting and supporting a labor organization, and from discriminating against employees to discourage membership in a labor organization.

Both the ILGWU and the Grifton Clothing Company Employees Union (hereinafter referred to as the GCCEU) filed motions to intervene.

The hearing on the merits is scheduled to be conducted before a Trial Examiner of the Board at the Lenoir County Courthouse in Kinston, N. C. on October 29, 1963.

FINDINGS OF FACT

1. Petitioner is Regional Director of the Eleventh Region of the Board, an

Agency of the United States, and files this petition for and on behalf of the Board, upon Complaint filed by ILGWU.

2. Respondents, Sidney H. Evans, Trading as both Evans Manufacturing Company and Grifton Clothing Company; Evans Manufacturing Company, Inc.; and Sidney H. Evans, individually and as an officer and principal of the foregoing (herein called original Respondents) are engaged within this judicial district in transacting business.

3. GCCEU is party to a collective bargaining agreement with original Respondents, Evans, et al., covering wages, hours, and conditions of employment of the employees of original Respondents, Evans, et al., at its Grifton, North Carolina plant. The Petition of GCCEU to Intervene as Party Respondent was allowed by the Court and they have participated in these proceedings.

4. ILGWU orally moved the Court for permission to intervene and subsequent to the hearing reduced its motion to writing and submitted briefs in support thereof. They too have been permitted to participate in said proceedings, although said motion was taken under advisement.

5. On June 21 and June 29, 1963, the ILGWU filed charges of unfair labor practices by original Respondents, Evans, et al., with the Board. These charges were subsequently amended on August 9, and August 19, 1963, by the ILGWU. Said charges were referred to the Petitioner as Regional Director of the Eleventh Region of the Board. Thereafter, the General Counsel of the Board, on behalf of the Board, by Petitioner, issued an order consolidating the cases and a consolidated complaint pursuant to Section 10(b) of the Act was issued on September 17, 1963, alleging that original Respondents, Evans, et al., have engaged in, and are engaging in, unfair labor practices within the meaning of Section 8(a) (1), (2), and (3) of the Act, and affecting commerce within the meaning of Sections 2(6) and (7) of the Act.

6. Original Respondents are engaged at Grifton, North Carolina, in the manufacture and sale of children's wearing apparel and in the operation and conduct of its business the original Respondents annually ship finished products to points outside the State of North Carolina valued in excess of $50,000.00.

7. The ILGWU and the GCCEU, both unincorporated associations, are organizations in which employees participate and which exist for the purpose in whole or in part of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment or conditions of work, and are labor organizations within the meaning of Sections 2 (5) and 8(a) of the Act. Both, at all times material herein, have been engaged in this judicial district in promoting and protecting the interests of employee members.

8. No labor organization has been certified by the Board pursuant to the provisions of Section 9 of the Act as the collective bargaining representative of the production and maintenance employees of original Respondents' Grifton, North Carolina, operation.

9. The Court upon reading the Petition, the Response of the original Respondents, the Response of the Intervenor, the affidavits submitted by the parties, and considering the oral testimony taken at the hearing finds that there is reasonable cause to believe that the original Respondents, Evans, et al., have committed, and are committing unfair labor practices within the meaning of Section 8(a) (1) and (2) of the National Labor Relations Act, as amended.

## CONCLUSIONS OF LAW

This Court has jurisdiction of the parties and of the subject matter of this proceeding, and under Section 10(j) of the Act is empowered to grant injunctive relief. Section 10(j) provides:

"(j) The Board shall have power, upon issuance of a complaint as provided in subsection (b) charging that any person has engaged in or is engaging in an unfair labor practice, to petition any district court, of the United States * * *, with-

in any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper."

There are three steps required by Section 10(j) before a district court may issue an injunction. They are as stated by Hunter, D. J., in Lebus for and on Behalf of N. L. R. B. v. Manning, Maxwell and Moore, Inc., 218 F.Supp. 702, 705 (W.D.La.1963), citing Douds v. International Longshoremen's Ass'n, 241 F. 2d 278 (2nd C.A., 1957):

"First, there must be a charge alleging that some person has engaged in or is engaging in an unfair labor practice. The second step is the issuance of a 'complaint' by the National Labor Relations Board. The third step is a hearing to determine:

(a) If there is reasonable cause to believe that the unfair labor practice stated in the complaint was committed; and

(b) If, under the circumstances, a temporary injunction would be 'just and proper.' "

Here, the charges were filed. The complaints were consolidated and issued. A hearing was held to determine whether there was reasonable cause to believe that the unfair labor practices stated in the complaint were committed and to determine whether, under the circumstances, a temporary injunction would be "just and proper". Thus, all prequisites to the issuance of an injunction have been complied with.

Petitioner contends, and the Court has reasonable cause to believe, that the facts developed in the supporting affidavits and in oral testimony presented in open court show violations of Section 8(a) (1) and (2) of the Act but have not shown sufficient evidence of a violation of Section 8(a) (3) of said Act as alleged in the Petition.

The Act provides, as follows:

"Sec. 8.(a) It shall be an unfair labor practice for an employer—

(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7;

(2) to dominate or interfere with the formation or administration of any labor organization or contribute financial or other support to it * * *;

(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: * * *;"

A continuation of these practices will impair the policies of the Act as set forth in Section 1(b) thereof. Lebus for and on Behalf of N. L. R. B. v. Manning, Maxwell and Moore, Incorporated, (W D.La.1963), 218 F.Supp. 702.

This court, to determine whether injunctive relief is warranted, needs only find that the Regional Director has reasonable cause to believe that an unfair labor practice has been committed. Douds v. Milk Drivers and Dairy Employees Union, 248 F.2d 534 (2nd C.A., 1957); and Douds v. International Longshoremen's Association, 241 F.2d 278 (2nd C.A., 1957). Such a finding has been made in this case.

To preserve the issues for the orderly determination as provided in the Act, and to maintain the status quo as it existed before the acts complained of began, it is appropriate, just and proper that, pending the final disposition of the matters herein involved pending before the Board, the following order be entered:

It is Ordered, Adjudged and Decreed:

(1) That the Respondents, Sidney H. Evans, Trading as both Evans Manufac-

turing Company and Grifton Clothing Company; Evans Manufacturing Company, Incorporated; and Sidney H. Evans, Individually and as an Officer and Principal of the foregoing, and their officers, agents, representatives, servants, employees, attorneys and all persons advising with them, acting in concert with them, participating with them or inducing or persuading or influencing them in any manner whatsoever be, and they, and each of them, are hereby restrained and enjoined from:

(a) Rendering or contributing assistance or any financial or other support to the GCCEU or otherwise recognizing said union as the collective bargaining representative of any of their employees unless and until the GCCEU has been certified by the Board as the collective bargaining representative of such employees.

(b) Maintaining, enforcing or giving effect, or attempting to maintain, enforce or giving effect, to its collective bargaining agreement with GCCEU entered into on or about July 9, 1963, without abrogating same, or to any extension, renewal, modification, or supplement thereof, or to any superseding agreement.

(c) Discouraging membership in the ILGWU, or any other labor organization, by discharging employees or otherwise discriminating in regard to the hire or tenure or any other term or condition of employment of employees.

(d) Coercively or otherwise interrogating employees concerning their membership in or activities on behalf of the ILGWU, or any other labor organization, or interrogating employees concerning their union membership or activities or sympathies of other employees.

(e) Threatening employees with discharge or other reprisals or promising them benefits to discourage their affiliation with or support of the ILGWU, or any other labor organization, or surveilling employees at union meetings or other union activities.

(f) In any manner or by any means discriminating in regard to hire or tenure or any term or condition of employ-ment of their employees in order to encourage membership in GCCEU or any other labor organization, or discourage membership in the ILGWU, or any other labor organization.

(g) In any other manner interfering with, restraining, or coercing employees in the exercise of their rights to self-organization, to form, join, or assist any labor organization, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection or to refrain from any or all of such activities.

(2) That the Respondent Intervenor, GCCEU, and its officers, agents, representatives, servants, employees, attorneys and all persons advising with them, acting in concert with them, participating with them or inducing or persuading or influencing them in any manner whatsoever be, and they, and each one of them, are hereby restrained from:

(a) Maintaining, enforcing or giving effect, or attempting to maintain, enforce or give effect, to its collective bargaining agreement with Respondents, Sidney H. Evans, Trading as both Evans Manufacturing Company and Grifton Clothing Company; Evans Manufacturing Company, Incorporated; and Sidney H. Evans, Individually and as an Officer and Principal of the foregoing, entered into on or about July 9, 1963, without abrogating same, or to any extension, renewal, modification, or supplement thereof, or to any superseding agreement.

(3) The Motion of Grifton Clothing Company Employees Union, Party to the Contract, For Leave to Intervene having been presented to the Court on October 2, 1963, and it appearing to the Court that petitioner has shown good cause for the granting of the Motion and Petition to Intervene, said motion and petition be, and the same hereby is granted, and Grifton Clothing Company Employees Union is hereby named a Respondent herein.

(4) That, the Motion of International Ladies' Garment Workers' Union For

Leave to Intervene having been considered, and it appearing to the Court that good cause has not been shown therefor, said motion be, and the same is hereby denied.

A copy of this Opinion and Order has been served upon all counsel of record.